IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

BOBBI R. WILLIAMS                                                              PLAINTIFF

VS.                                                      CIVIL ACTION NO. 3:10-CV-435-WHB-LRA

UNITED STATES POSTAL SERVICE AND
AND JOHN POTTER, POSTMASTER GENERAL                            DEFENDANTS

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

On August 9, 2010, Bobbi R. Williams [hereinafter "Plaintiff"] filed a Complaint [ECF No. 1] in this Court charging discrimination based on race and gender against the United States Postal Service and its Postmaster General [hereinafter "Defendants"]. On the same date, she filed an Application to Proceed in District Court Without Prepaying Fees or Costs [ECF No. 2] requesting that the prepayment of costs be waived pursuant to 28 U.S.C. § 1915.

After a review of the sworn Financial Affidavit filed with the Court, it is the opinion of the Magistrate Judge that Plaintiff is not indigent under the law and should not be allowed to proceed *in forma pauperis*. In one section of the affidavit, Plaintiff states that she has not worked since March 11, 2010 [ECF No. 2, p. 5]. However, in another section, she states that she has worked for the United States Postal Service from "2/26/2000-present" with a gross monthly pay of $2,000 [ECF No. 2, p. 2]. Under the section of the affidavit styled "Income amount expected next month" [ECF No. 2, p. 1], she asserts that she expects to earn $3,000 next month. Because of these

discrepancies, the undersigned is unable to determine whether or not Plaintiff is presently employed.

Plaintiff's average monthly income for the past twelve months was $12,000 [ECF No. 2, p. 1]. For the past twelve months, she received $500 in alimony, $168 in child support, and $1,450 in disability income. Plaintiff owns a home valued at $175,000 and other real estate valued at $25,000; she also owns a 2006 Ford truck and two 2006 Mercedes, valued at a total of $39,000 [ECF No. 2, p. 3]. Plaintiff is thirty-eight years old and has had three and one-half years of college education.

Section 28 U.S.C. §1915(a)(1) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs. *See Williams v. Estelle*, 681 F.2d 946 (5th Cir. 1982); *Prows v. Kastner*, 842 F.2d 138 (5th Cir. 1988). This Court, in exercising its discretion, has considered the following factors:

> Is the plaintiff barred from the federal courts by reason of his impecunity? *Souder v. McGuire*, 516 F.2d 820 (3rd Cir. 1975);
>
> Is access to the courts blocked by the imposition of an undue hardship? *Startti v. United States*, 415 F.2d 1115 (5th Cir. 1969); and,
>
> Is the plaintiff forced to contribute his last dollar, or render himself destitute to prosecute his claim? *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 337 (1941).

Considering the circumstances of Plaintiff, particularly the fact that she owns valuable assets, the Magistrate Judge finds that she could pay filing costs without undue financial hardship if given ninety days to pay the filing fees. She will not be

rendered destitute by paying the filing fees. Although her precise monthly income is not clearly stated in her affidavit, she does receive a monthly disability income and alimony and owns real estate and vehicles. Her financial affidavit clearly shows that she will not be barred from the federal courts due to her lack of financial resources.

The Court also notes that this is a civil case and, if meritorious, should be fee-producing. Plaintiff has not yet searched for an attorney willing to prosecute her case on a contingent fee basis.

Hence, it is the recommendation of the undersigned that Plaintiff's motion to proceed *in forma pauperis* be denied and that she be given ninety days to pay the filing fees in this cause. **All of the costs associated with the filing of this lawsuit should be paid on or before November 12, 2010, or this case shall be dismissed without prejudice without further notice.**

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 10th day of August, 2010.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE